**Marvin Danilo HERNANDEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74468.
Agency No. A95–310–437.

United States Court of Appeals, Ninth Circuit.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Jan. 9, 2006.*

Decided Jan. 12, 2006.

Elizabeth Torres, Foss & Torres, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David Dauenheimer, DOJ—U.S. Department of Justice Civil Division/Torts Branch, Richard M. Evans, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

### MEMORANDUM**

Marvin Danilo Hernandez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from the Immigration Judge's order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review constitutional issues *de novo*, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's order denying Hernandez's asylum application as untimely. *See Ramadan v. Gonzales*, 427 F.3d 1218, 1222 (9th Cir.2005) (holding that the Court lacks jurisdiction to review the agency's determination that an asylum application was not filed within one year after the last entry into the United States).

We also lack jurisdiction to consider Hernandez's eligibility for withholding of removal and CAT relief, because he failed to raise these claims before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (holding that an alien's failure to exhaust administrative remedies is a jurisdictional bar to appellate review).

We have considered and we reject Hernandez's due process arguments.

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741, 750 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**